FILED
DEC 19 2007
DEC 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP.,<br><br>    Defendant. | 07CV 7131<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE MASON |

**COMPLAINT FOR DAMAGES FOR RETALIATION IN
VIOLATION OF 42 U.S.C. § 2000e, *et seq.*, (TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

Plaintiff JESSE THOMAS, by and through his attorneys, Aaron B. Maduff and Anne J. Kim of Maduff & Maduff, LLC, for his complaint against the Defendant, EXXON MOBIL CORP., alleges and states as follows:

**Introduction**

1. Plaintiff, Jesse Thomas, a maintenance mechanic who worked for Exxon Mobil Corp. for 23 years, complained to Human Resources of racially discriminatory treatment by Pat O'Reilly, then a shift supervisor, several times between 2001 and 2004. In 2004, O'Reilly was promoted to Operations Manager overseeing Mr. Thomas' department and began to target Mr. Thomas specifically with discriminatory treatment. As a result, on or about June 27, 2005, Mr. Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission. On January 18, 2006, Mr. Thomas was issued a Right to Sue letter and brought suit against Exxon Mobil for race discrimination under Title VII. Throughout the period after Mr. Thomas filed suit, O'Reilly began to paper his file with written reprimands, disciplinary notices, and even suspensions. Then, on May

1

3, 2007, the court dismissed Mr. Thomas' suit with prejudice for want of prosecution through no fault on the part of Mr. Thomas, and later on August 1, 2007 denied Mr. Thomas' Motion for Reconsideration, citing numerous dilatory actions on the part of Mr. Thomas' former attorneys. The order denying the Motion for Reconsideration and finally dismissing Mr. Thomas' suit against Exxon Mobil was not posted on the electronic docket until August 6, 2007. On that very day, August 6, 2007, at 8:30 pm in the middle of his shift, Mr. Thomas was informed by his supervisor that he was being suspended for "continued unsatisfactory work performance," although he was the only maintenance mechanic on duty that evening. On August 28, 2007, Mr. Thomas was discharged. This suit for retaliation under Title VII follows.

### The Parties

2. Plaintiff, JESSE THOMAS (hereinafter "Mr. Thomas", or "Plaintiff"), is a citizen of the state of Indiana. At all times relevant to this Complaint, Mr. Thomas was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

3. Defendant, EXXON MOBIL CORP. (hereinafter "Exxon Mobil" or "Defendant"), is, on information and belief, a corporation headquartered in Fairfax, Virginia, doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant is and was at all times relevant to this Complaint, an "employer" within the definition of Title VII, 42 U.S.C. § 2000e(b).

### Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon 42 U.S.C. §2000e et seq., as amended.

5. On or about August 9, 2007, Mr. Thomas filed a Charge of Retaliation with the

United States Equal Employment Opportunity Commission (EEOC), Charge No. 440-2007-07014, alleging race discrimination and retaliation in violation of Title VII.

6. On or about September 26, 2007, the EEOC issued a Notice of Right to Sue on Charge No. 440-2007-07014. This case is filed within 90 days of receipt of the Notice of the Right to Sue and is therefore timely filed.

### Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the facts giving rise to this cause of action occurred in this District.

### Facts

Employment History and Background of Discriminatory Treatment

8. Mr. Thomas began working for Exxon Mobil in 1984. He has been a member of his union for 23 years.

9. For about the first 20 years of Mr. Thomas' employment, he was counseled for work-related issues on only two occasions, neither of which amounted to a disciplinary action.

10. After Pat O'Reilly was promoted to shift supervisor in or around 1999, black employees began to receive different treatment than white employees.

11. In 2001, Mr. Thomas and several other black and Hispanic employees made a formal complaint to Human Resources regarding Pat O'Reilly's discriminatory treatment as shift supervisor. They provided Human Resources with a list of people to interview.

12. Mr. Thomas reported Pat O'Reilly to Human Resources on several occasions between 2001 and 2004.

Discriminatory Treatment of Mr. Thomas

13. In early 2004, Pat O'Reilly was promoted to Operations Manager, a position overseeing all the departments in the plant, including the maintenance department. Shortly after that promotion, beginning in or around November 2004, Pat O'Reilly began to target Mr. Thomas more directly.

14. The discriminatory treatment continued through 2005 and 2006.

The Underlying Case

15. On or about June 27, 2005, Mr. Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 210-2005-06404, complaining of the discriminatory treatment and harassment.

16. On January 18, 2006, Mr. Thomas requested and was issued a notice of right to sue.

17. On or about April 13, 2005, Mr. Thomas, through counsel, filed a Complaint with the United States District Court, Northern District of Indiana, Hammond Division, No. 06 CV 144, which later was transferred to the Northern District of Illinois, Eastern Division, No. 07 CV 00813.

18. The case was dismissed on May 3, 2007 (after being transferred to this District) for want of prosecution for failure of Mr. Thomas' attorneys to comply with court orders and repeated discovery requests.

Retaliatory Termination

19. On May 25, 2007, Mr. Thomas was given a letter of reprimand for "unsatisfactory work performance," for exceeding time requirements.

20. The letter of reprimand was unfounded and challenged, but remained in his personnel file.

21. On July 19, 2007, Mr. Thomas received another letter of reprimand for *"continuing* unsatisfactory work performance," citing that he had been warned by the May 25, 2007 letter of exceeding the time requirements, yet continued to exceed the time requirements from June 18 through July 13, 2007.

22. This letter of reprimand was unfounded and challenged, yet remained in his personnel file.

23. On August 1, 2007, the court denied Mr. Thomas' Motion for Reconsideration, finally dismissing his case with prejudice.

24. The ruling was posted on the electronic docket on August 6, 2007.

25. On August 6, 2007, during the middle of his shift at approximately 8 p.m., although there were no other maintenance mechanics on schedule, Mr. Thomas was told he was being immediately suspended for 3 days for "continued unsatisfactory work performance."

26. A letter entitled "Suspension and Final Warning" cited the July 19, 2007 letter of reprimand and stated that in spite of the reprimand, Mr. Thomas exceeded the time requirement for one exercise on July 23, 2007.

27. This letter was unfounded and challenged, but remained in his personnel file and Mr. Thomas was required to serve the suspension.

28. On August 10, 2007, Mr. Thomas went back to work.

29. On August 22, 2007, towards the end of his shift, Mr. Thomas was called into a meeting with supervisors Melvin Koziol and Paul Roberson, who informed him that he was being relieved of his duties, but gave no reason for the action.

30. Mr. Thomas was officially terminated on August 28, 2007.

31. His termination letter only stated that he was being terminated "because of sustained unsatisfactory work performance."

32. Mr. Thomas' termination was unfounded.

### Demand for Relief
### For Retaliation in Violation of Title VII of The Civil Rights Act of 1964
### 42 U.S.C. §2000e, *et seq.*

33. Plaintiff restates and realleges paragraphs 1 through 32 as paragraph 33 of this demand for relief.

34. By virtue of the foregoing, Defendant has retaliated against Plaintiff for pursuing a claim for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

35. As a result of this violation, Plaintiff has suffered damages of both a pecuniary and non-pecuniary nature.

36. This violation was willful and malicious warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Jesse Thomas, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, Exxon Mobile Corporation, for compensatory and punitive damages, for attorney's fees and costs, and for such other and further relief this Court deems just and equitable.

Respectfully submitted,

Jesse Thomas

By: _____
One of his attorneys

6

Aaron B. Maduff
Atty. No. 6226932
Maduff & Maduff, LLC
One East Wacker Dr.
Suite 2122
Chicago, Illinois 60601
312/276-9000