UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 07-cv-7131 |
| | ) | JUDGE GUZMAN |
| EXXON MOBIL CORP., | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR DAMAGES FOR RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e, *et seq.*, (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

Defendant, Exxon Mobil Corporation ("ExxonMobil"),[1] by counsel, now answers

Plaintiff Jesse Thomas' ("Thomas") Complaint for Damages for Retaliation in Violation of 42

U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act of 1964, as Amended).  ExxonMobil

notes that, for ease of future reference, the allegations in Thomas' Complaint are set forth

verbatim with ExxonMobil's responses immediately following each allegation.

1.      Plaintiff, Jesse Thomas, a maintenance mechanic who worked for Exxon Mobil

Corp. for 23 years, complained to Human Resources of racially discriminatory treatment by Pat

O'Reilly, then a shift supervisor, several times between 2001 and 2004.  In 2004, O'Reilly as

promoted to Operations Manager overseeing Mr. Thomas' department and began to target Mr.

Thomas specifically with discriminatory treatment.  As a result, on or about June 27, 2005, Mr.

Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission.

On January 18, 2006, Mr. Thomas was issued a Right to Sue letter and brought suit against

---

[1]      Plaintiff is employed at ExxonMobil Lubricants & Petroleum Specialties Company, a
division of Exxon Mobil Corporation.

Exxon Mobil for race discrimination under Title VII.  Throughout the period after Mr. Thomas filed suit, O'Reilly began to paper his file with written reprimands, disciplinary notices, and even suspensions.  Then, on May 3, 2007, the court dismissed Mr. Thomas' suit with prejudice for want of prosecution through no fault on the part of Mr. Thomas, and later on August 1, 2007 denied Mr. Thomas' Motion for Reconsideration, citing numerous dilatory actions on the part of Mr. Thomas' former attorneys.  The order denying the Motion for Reconsideration and finally dismissing Mr. Thomas' suit against Exxon Mobil was not posted on the electronic docket until August 6, 2007.  On that very day, August 6, 2007, at 8:30 pm in the middle of his shift, Mr. Thomas was informed by his supervisor that he was being suspended for "continued unsatisfactory work performance," although he was the only maintenance mechanic on duty that evening.  On August 28, 2007, Mr. Thomas was discharged.  This suit for retaliation under Title VII follows.

**ANSWER:**    Plaintiff's Complaint includes Introduction which *precedes* the "suite for retaliation" is presented in Plaintiff's Complaint which is a numbered paragraph, albeit containing more than a dozen allegations.  However, because most of that paragraph consists of conclusions of law, procedural history, and indeed many of the allegations are repeated in Paragraph Nos. 2 to 36, Defendant declines to "admit or deny."

**The Parties**

2.    Plaintiff, JESSE THOMAS (hereinafter "Mr. Thomas", or "Plaintiff"), is a citizen of the state of Indiana.  At all times relevant to this Complaint, Mr. Thomas was an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

**ANSWER:**    The allegations in Complaint Paragraph 2 are mere conclusions of law to which no response is appropriate or required.

3.     Defendant, EXXON MOBIL CORP. (hereinafter "Exxon Mobil" or "Defendant"), is, on information and belief, a corporation headquartered in Fairfax, Virginia, doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division.  Defendant is and was at all times relevant to this Complaint, an "employer" within the definition of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER**:     Defendant admits only that it does business in the Chicago area. Defendant denies the allegation in Complaint Paragraph 3 that Exxon Mobil is headquartered in Fairfax, Virginia.  The remaining allegations in Complaint Paragraph 3 are conclusions of law to which no response is required or appropriate.

### Jurisdiction

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon 42 U.S.C. §2000e *et seq.*, as amended.

**ANSWER**:     The allegations in Complaint Paragraph 4 are mere conclusions of law to which no response is appropriate or required.

5.     On or about August 9, 2007, Mr. Thomas filed a Charge of Retaliation with the United States Equal Employment Opportunity Commission (EEOC), Charge No. 440-2007-07014, alleging race discrimination and retaliation in violation of Title VII.

**ANSWER**:     Defendant admits only that it received notice of Charge 440-2007-07014 filed by Plaintiff, but is without knowledge or information sufficient to admit or deny precisely when Plaintiff filed the charge.  By way of further answer, Defendant states it also was notified of a charge signed by Thomas and received by the EEOC on August 24, 2007 (440-2007-07411) and a charge signed by Thomas and received by the EEOC on August 30, 2007 (Charge No. 440-2007-07523).

6.    On or about September 26, 2007, the EEOC issued a Notice of Right to Sue on Charge No. 440-2007-07014.  This case is filed within 90 days of receipt of the Notice of the Right to Sue and is therefore timely filed.

**ANSWER**:    Defendant  admits the EEOC issued a right to sue on Charge No. 440-2007-07014 on September 26, 2007, but is without information or knowledge to admit or deny when Plaintiff received it.  The remainder of the allegations in Complaint Paragraph 6 are mere conclusions of law to which no response is appropriate or required.  By way of further answer notices of right to sue were also issued on September 26 for Charge Nos. 440-2007-07411 and 440-2007-07523.

### Venue

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the facts giving rise to this cause of action occurred in this District.

**ANSWER**:    The allegations in Complaint Paragraph 7 are mere conclusions of law to which no response is appropriate or required.

### Facts

Employment History and Background of Discriminatory Treatment

8.    Mr. Thomas began working for Exxon Mobil in 1984.  He has been a member of his union for 23 years.

**ANSWER**:    Defendant admits the allegations in Complaint Paragraph 8.

9.    For about the first 20 years of Mr. Thomas' employment, he was counseled for work-related issues on only two occasions, neither of which amounted to disciplinary action.

**ANSWER**:    Defendant denies the allegations in Complaint Paragraph 9.

10.    After Pat O'Reilly was promoted to shift supervisor in or around 1999, black employees began to receive different treatment than white employees.

**ANSWER:**    Defendant denies the allegations in Complaint Paragraph 10.

11.    In 2001, Mr. Thomas and several other black and Hispanic employees made a formal complaint to Human Resources regarding Pat O'Reilly's discriminatory treatment as shift supervisor.  They provided Human Resources with a list of people to interview.

**ANSWER:**    Defendant admits the allegations in Complaint Paragraph 11.

12.    Mr. Thomas reported Pat O'Reilly to Human Resources on several occasions between 2001 and 2004.

**ANSWER:**    Defendant is without sufficient information to admit or deny the allegations in Complaint Paragraph 12, but states that it has located no documentation in 2001 to 2004 that Thomas reported to Human Resources on several occasions discriminatory treatment or animus by Pat O'Reilly.

Discriminatory Treatment of Mr. Thomas

13.    In early 2004, Pat O'Reilly was promoted to Operations Manager, a position overseeing all the departments in the plant, including the maintenance department.  Shortly after that promotion, beginning in or around November 2004, Pat O'Reilly began to target Mr. Thomas more directly.

**ANSWER:**    Defendant admits only that Pat O'Reilly was promoted on February 16, 2004 to Operations Manager which position involved accountability for the personnel and work processes in the blending packaging, warehousing, and shipping of finished product and receipt of their components.  Defendant denies the remaining allegations in Complaint Paragraph 13 and specifically denies O'Reilly began to target Mr. Thomas after February 16 promotion or at any time.

14.    The discriminatory treatment continued through 2005 and 2006.

**ANSWER:**    Defendant denies the allegations in Complaint Paragraph 14.

The Underlying Case

15.     On or about June 27, 2005, Mr. Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 210-2005-06404, complaining of the discriminatory treatment and harassment.

**ANSWER**:     Defendant is without information or knowledge sufficient to admit or deny when Thomas filed his charge of discrimination, but admits only that it received notice from the Illinois Department of Human Rights after June 27 that Thomas had filed Charge No. 210-2005-06404, alleging race discrimination.

16.     On January 18, 2006, Mr. Thomas requested and was issued a notice of right to sue.

**ANSWER**:     Defendant is without knowledge or information to admit or deny when Plaintiff requested a right to sue or when he received a right to sue.

17.     On or about April 13, 2005, Mr. Thomas, through counsel, filed a Complaint with the United States District Court, Northern District of Indiana, Hammond Division, No. 06 CV 144, which later was transferred to the Northern District of Illinois, Eastern Division, No. 07 CV 00813.

**ANSWER**:     Defendant admits the allegations in Complaint Paragraph 17.

18.     The case was dismissed on May 3, 2007 (after being transferred to this District) for want of prosecution for failure of Mr. Thomas' attorneys to comply with court orders and repeated discovery requests.

**ANSWER**:     Defendant admits only that Plaintiff's claims were dismissed on May 3, 2007. By way of further answer, Defendant states that Plaintiff's counsel's attempts to have that decision reconsidered or changed all were unsuccessful.

Retaliatory Termination

19.     On May 25, 2007, Mr. Thomas was given a letter of reprimand for "unsatisfactory work performance," for exceeding time requirements.

**ANSWER:**     Defendant admits the allegations in Complaint Paragraph 19.

20.     The letter of reprimand was unfounded and challenged, but remained in his personnel file.

**ANSWER:**     Defendant admits that a May 25, 2007 letter of reprimand was issued, was placed in Plaintiff's personnel file, and that Plaintiff disagreed with it, but denies the remaining allegations in Complaint Paragraph 20, specifically that the letter was "unfounded." The allegation that the letter was "challenged" is vague and ambiguous as to what means of challenge were allegedly utilized, when, and by whom and Defendant therefore denies that portion of the allegation.

21.     On July 19, 2007, Mr. Thomas received another letter of reprimand for "*continuing* unsatisfactory work performance," citing that he had been warned by the May 25, 2007 letter of exceeding the time requirements, yet continued to exceed the time requirements from June 18 through July 13, 2007.

**ANSWER:**     Defendant admits the allegations in Complaint Paragraph 21.

22.     This letter of reprimand was unfounded and challenged, yet remained in his personnel file.

**ANSWER:**     Defendant admits that a July 19, 2007 letter of reprimand was placed in Plaintiff's personnel file and admits Plaintiff disagreed with it, but denies the remaining allegations in Complaint Paragraph 22, specifically that the July 19 letter was "unfounded." The allegation that the letter was "challenged" is vague and ambiguous as to what means of challenge

were allegedly utilized, when, and by whom and Defendant therefore denies that portion of the allegation.

23.    On August 1, 2007, the court denied Mr. Thomas' Motion for Reconsideration, finally dismissing his case with prejudice.

**ANSWER:**    Defendant admits the allegations in Complaint Paragraph 23.

24.    The ruling was posted on the electronic docket on August 6, 2007.

**ANSWER:**    Defendant admits the allegations in Complaint Paragraph 24.

25.    On August 6, 2007, during the middle of his shift at approximately 8 p.m., although there were no other maintenance mechanics on schedule, Mr. Thomas was told he was being immediately suspended for 3 days for "continued unsatisfactory work performance."

**ANSWER:**    Defendant admits only that Plaintiff was suspended beginning August 6, 2007.

26.    A letter entitled "Suspension and Final Warning" cited the July 19, 2007 letter of reprimand and stated that in spite of the reprimand, Mr. Thomas exceeded the time requirements for one exercise on July 23, 2007.

**ANSWER:**    Defendant admits the allegations in Complaint Paragraph 26.

27.    This letter was unfounded and challenged, but remained in his personnel file and Mr. Thomas required to serve the suspension.

**ANSWER:**    Defendant admits that an August 6, 2007 letter entitled "suspension and final warning" was placed in Plaintiff's personnel file, and admits Plaintiff disagreed with it, but denies the remaining allegations in Complaint Paragraph 27, specifically that the letter was "unfounded."  The allegation that the letter was "challenged" is vague and ambiguous as to what means of challenge were allegedly utilized, when, and by whom and Defendant therefore denies that portion of the allegation.

28.    On August 10, 2007, Mr. Thomas went back to work.

**ANSWER**:    Defendant admits the allegations in Complaint Paragraph 28.

29.    On August 22, 2007, towards the end of his shift, Mr. Thomas was called into a meeting with supervisors Melvin Koziol and Paul Roberson, who informed him that he was being relieved of his duties, but gave no reason for the action.

**ANSWER**:    Defendant admits only that on or about August 22, 2007, Mr. Koziol and Mr. Roberson met with Plaintiff to inform him that he was being suspended beginning August 23 pending further investigation of his continued misconduct and poor performance.  Defendant denies the remaining allegations in Complaint Paragraph 29.

30.    Mr. Thomas was officially terminated on August 28, 2007.

**ANSWER**:    Defendant admits Thomas' employment with Exxon Mobil was terminated effective August 28, 2007.

31.    His termination letter only stated that he was being terminated "because of sustained unsatisfactory work performance."

**ANSWER**:    Defendant admits the allegations in Complaint Paragraph 31.  The August 28 termination letter speaks for itself.

32.    Mr. Thomas' termination was unfounded.

**ANSWER**:    Defendant denies the allegations in Complaint Paragraph 32.

**Demand for Relief**
**For Retaliation in Violation of Title VII of The Civil Rights Act of 1964**
**42 U.S.C §2000e, *et seq.***

33.    Plaintiff restates and realleges paragraphs 1 through 32 as paragraph 33 of this demand for relief.

**ANSWER**:     Defendant incorporates by reference its answers to Paragraphs 1 through 33 of Plaintiff's Complaints as though fully set forth herein.

34.     By virtue of the foregoing, Defendant has retaliated against Plaintiff for pursuing a claim for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

**ANSWER**:     Defendant denies the allegations in Complaint Paragraph 34.

35.     As a result of this violation, Plaintiff has suffered damages of both a pecuniary and non-pecuniary nature.

**ANSWER**:     Defendant denies the allegations in Complaint Paragraph 35.

36.     This violation was willful and malicious warranting the imposition of punitive and exemplary damages.

**ANSWER**:     Defendant denies the allegations in Complaint Paragraph 36.

The remainder of Thomas' Complaint is a prayer for relief to which a response is neither required nor appropriate.  To the extent a response is required, ExxonMobil denies Plaintiff is entitled to any of the relief sought.  To the extent any paragraph or portion of Paragraphs 1 through 36 is not specifically admitted, Defendant denies any such paragraph or portion of paragraph which is not specifically admitted.

## ADDITIONAL DEFENSES

Subject to reasonable further investigation, inquiry, and discovery, Defendant alleges the following defenses.

### First Additional Defense

Some or all of the allegations in Plaintiff's claim fail to state a claim upon which relief can be granted.

## Second Additional Defense

ExxonMobil denies it retaliated against Plaintiff and also denies Plaintiff has suffered or is entitled to any damages in this case. Nevertheless, to the extent that Plaintiff may be entitled to damages, his damages must be reduced because Plaintiff failed to mitigate some or all of his damages.

## Third Additional Defense

Plaintiff cannot state a *prima facie* case of retaliation. Even if Plaintiff could state a *prima facie* case of retaliation, he cannot establish that Defendant's legitimate, non-discriminatory reasons for its actions were pretext for retaliation for protected activity.

## Fourth Additional Defense

Although ExxonMobil denies that any complaints by Plaintiff were a determinative or substantial motivating factor in regards to any alleged adverse action taken during his employment, if Plaintiff demonstrates his termination was, in the case of each decision or alleged adverse action, the same decision would have been reached regardless of whether Plaintiff had complained.

## Fifth Additional Defense

Plaintiff, by his own acts, errors, omissions, and conduct is barred and estopped from any recovery in this action.

## Sixth Additional Defense

Plaintiff failed to exhaust his administrative remedies for one or more of his claims.

## **Seventh Additional Defense**

To the extent Plaintiff failed to comply with the enforcement provisions of Title VII, Plaintiff's claims are barred as untimely and/or for failure to fulfill all the conditions precedent to maintaining this action under Title VII.

## **Eighth Additional Defense**

To the extent Plaintiff's claims under Title VII concern events alleged to have occurred outside the limitations period prior to the filing of Plaintiff's Charge of Retaliation with the EEOC, they are barred as untimely.

## **Ninth Additional Defense**

To the extent Plaintiff's Complaint asserts or attempts to assert claims other than those raised in Plaintiff's August 9, 2007 EEOC Charge No. 440-2007-07014, such claims cannot be maintained and are barred by Plaintiff's failure to exhaust administrative remedies.

## **Tenth Additional Defense**

ExxonMobil's decisions or actions regarding Plaintiff were based upon legitimate, nonretaliatory factors and were not based upon Plaintiff's prior complaints or protected activity.

## **Eleventh Additional Defense**

ExxonMobil did not deny Plaintiff any benefits to which he was entitled.

## **Twelfth Additional Defense**

ExxonMobil acted at all times in good faith and with reasonable grounds for believing that any act or omission was not a violation of Title VII or any other law, and did not purposely or intentionally retaliate against Plaintiff on the basis of his race.

## **Thirteenth Additional Defense**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### Fourteenth Additional Defense

ExxonMobil states that its alleged conduct was not willful.

### Fifteenth Additional Defense

The practices of ExxonMobil challenged by Plaintiff are job-related, consistent with business necessity, and are not causally connected to any protected activity alleged in Plaintiff's EEOC charges of retaliation or made elsewhere.

### Sixteenth Additional Defense

Plaintiff's claims are barred in whole or in part because they are barred by the exclusivity doctrine of Illinois Worker's Compensation Act.

### Seventeenth Additional Defense

ExxonMobil exercised reasonable care to prevent and correct promptly wrongful behavior, if any; and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by ExxonMobil or to avoid harm otherwise.

### Eighteenth Additional Defense

ExxonMobil is not liable for punitive damages, because neither ExxonMobil, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

Respectfully submitted,

OGLETREE DEAKINS NASH SMOAK
  & STEWART, P.C.


By: s/ Jan Michelsen
        Jan Michelsen, #18078-49

Ogletree Deakins Nash Smoak
  & Stewart, P.C.
111 Monument Circle
Suite 4600
Indianapolis, Indiana  46204        Attorney for Defendant
317/916-1300        Exxon Mobil Corporation

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer to Complaint for Damages for Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act of 1964, As Amended) has been filed electronically, this 11th day of April, 2008.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

Aaron B. Maduff
Maduff & Maduff, LLC
One East Wacker Drive
Suite 2122
Chicago, Illinois  60601


s/ Jan Michelsen
Jan Michelsen

6149855.1

14