UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 07-cv-7131 |
| | ) | JUDGE GUZMAN |
| EXXON MOBIL CORP., | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S COMBINED MOTION TO
DISMISS AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE
DEFENSES PURSUANT TO FED. R. CIV. PROC. 12(b)(6) AND 12(f)**

## I.    INTRODUCTION

Plaintiff Jesse Thomas ("Thomas") has filed a motion requesting the Court to "dismiss

and strike" all affirmative defenses included in Defendant Exxon Mobil Corporation's

("ExxonMobil") Answer to Plaintiff's Complaint of retaliation.  For the reasons set forth below,

Plaintiff's Motion should be denied.

Contrary to Plaintiff's generalized conclusion that "*none of [Defendant's] affirmative

defenses are supported by enough factual allegations to stand*" (MTS,[1] p. 2), ExxonMobil's

affirmative defenses are sufficient as a matter of law and properly present questions of law or

fact.  Plaintiff attempts improperly to employ his combined Motion to make legal arguments that

are premature, on issues that appropriately will be discussed and debated in the summary

judgment process *after* discovery has been conducted and completed.  If, *at that time*, there is no

factual or legal support for Defendant's affirmative defenses,  Plaintiff can identify those

---

[1]     Reference to MTS are to pages of Plaintiff's combined Motion to Dismiss and Motion to
Strike.

deficiencies then, i.e. in his Response to Defendant's Motion for Summary Judgment. Arguments such as whether an early right to sue invalidates a Title VII lawsuit in the Seventh Circuit, whether Plaintiff's Complaint exceeds the scope of his August 2007 EEOC charges, whether any of the harm or injury Plaintiff may claim was a result of an accidental workplace encounter or decision by an *alter ego* of ExxonMobil, whether ExxonMobil in good faith attempted to comply with the law, or whether Plaintiff reasonably failed to take advantage of ExxonMobil's complaint processes, simply cannot – and should not – be determined at this early stage.  ExxonMobil cannot be expected to establish those factual truths and prove its defenses without evidence from discovery and depositions which have not yet commenced.  See Cohn v. Taco Bell, 1995 WL 247996 at *6  (N.D. Ill.) (elaboration of the specifics of the defense is the precise purpose of discovery); Lincoln Diagnostics v. Panatrax, 2007 WL 2680970 at *2 (C.D. Ill 2007) (denying plaintiffs' motion to strike 11 of defendant's affirmative defenses where case was at beginning stage and all relevant information has yet to be revealed, and where defendant could merely withdraw defense if later determined that it cannot validly assert a particular defense).

    Plaintiff concedes, but then proceeds to ignore, that motions to strike are disfavored. The Seventh Circuit has characterized motions to strike as *"absurd, time-wasting motions."*  Custom Vehicles v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006) (referring to quibbles raised in a motion to strike as "fritter[ing] away resources" and "squander[ing] time").

    Plaintiff also mistakenly predicts that dismissing or striking Defendant's affirmative defenses will *"ease discovery in this case," "declutter"* the claims, and expedite the litigation process.  (MTS, p. 13). For example, Plaintiff faults ExxonMobil because it allegedly did not *"identify specifics"* (MTS, p. 7); expand its defenses with *"direct or inferential allegations"* as to all elements (MTS, p. 11); support its defenses with *"explanation . . . [and] allegations"* (MTS,

p. 11), or add descriptions of *"acts, errors, omission, or conduct."* (MTS, p. 12) In fact, none of the efficiencies Plaintiff promises, as a practical matter, will result if the Court dismisses or strikes ExxonMobil's affirmative defenses on technical grounds such as failure to adequately plead. If that occurs, ExxonMobil merely will take the advice of Judge Manion (in the very case cited by Plaintiff) and seek leave to amend its affirmative defenses which "*leave to amend is freely granted as justice requires.*" Heller Financial v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (suggesting that defendant whose affirmative defenses were struck by district judge could have and should have amended these affirmative defenses and then *"alleged more facts or taken discovery if the facts were not immediately known"*). And, striking defenses on technical grounds does not prevent a party from arguing that defense later in the case so there is no judicial economy achieved via dismissal of affirmative defenses.

Neither will discovery be eased by striking or dismissing ExxonMobil's defenses, as Plaintiff hypothesizes. The subject matter about which discovery will be sought in support of the defenses is no different than that which is necessary for ExxonMobil to show that Plaintiff cannot establish the *prima facie* elements of his retaliation claim, or expose his lack of evidence that any suspension or termination was pretext for retaliation for an EEOC charge and lawsuit which was filed more than 2 years before the adverse actions occurred.

Further, Courts usually provide defendants the "benefit of the doubt" with regard to affirmative defenses where those defenses are not "patently defective." Lincoln Diagnostics, 2007 WL 2680970. Courts have held that, if there is any real doubt about a defendant's obligation to plead a matter affirmatively, the affirmative defense should not be stricken. Cohn, 1995 WL 247996 at *3 (citing 5 Wright and Miller Feder Practice and Procedure § 278 (2d 3d. 1990); Lexington Insurance Co. v. Tital Int'l, 2008 WL 687384 (C.D. Ill. 2008) (where plaintiff

is not prejudiced by defense of failure to state a claim being pled in the Answer, court will not

strike it even if inartfully labeled).

## II.    ARGUMENT

**A.    There is no basis for dismissing Affirmative Defenses Nos. 6, 7, 9, 12, 14, 16, and 17 for failure to state a claim**

A Court must construe affirmative defense pleadings liberally.  Mere vagueness or lack

of detail alone will not constitute sufficient grounds to dismiss.  Strauss v. City of Chicago, 760

F.2d 765, 767 (7th Cir. 1985).  MPC Containment Systems v. Moreland, 2008 WL 1775501 at *3

(N.D. Ill 2008) (court must accept all well-pled affirmative defense allegations as true and

construe them in defendant's favor).  Because ExxonMobil has provided "fair notice" of the

nature of its defenses, before this Court can grant a motion to strike an affirmative defense it

must be convinced that there are no unresolved questions of fact, that any questions of law are

clear, and that under no set of circumstances could the defense succeed.  Codest Eng'g v. Hyatt

Int'l Corp., 954 F. Supp. 1224, 1228 (N.D. Ill. 1996) (emphasis added).

**1.    Defendant's Affirmative Defenses Nos. 6, 7, and 9 adequately state a claims that Plaintiff failed to exhaust administrative remedies or otherwise meet conditions precedent to a Title VII retaliation lawsuit.**

It cannot be said that ExxonMobils's defenses "*could not succeed under any*

*circumstances.*"  Cohn, 1995 WL 247996.  Plaintiff's Motion to Strike admits that district courts

are divided on the question of whether Title VII should be judicially revised to accommodate the

EEOC's caseload by permitting lawsuit before 180 days of EEOC investigation and conciliation

and concedes that the Seventh Circuit has not decided that issue.  See Rolark v. University of

Chicago Hospitals, 688 F. Supp. 401, 403 (N.D. Ill. 1988).  In Simler v. Harrison County

Hospital, 110 F.Supp.2d 886, 889 (S.D. Ind 2000) the Court noted the Seventh Circuit's lack of

decision, but acknowledged that an EEOC investigations short of 180 days may be allowed to

satisfy the Title VII requirement that the EEOC investigate every charge filed.  However, the

Court held in some circumstances (similar to the ones here)  the case should be remanded to the

EEOC because, in essence, there has been no investigation, only a determination by the EEOC

that it will not complete administrative processing within the allotted time. The Court

emphasized that determination is not tantamount to the required "investigation."  Id.

Accordingly, it is not true, as Plaintiff would have the Court believe, that any questions of law

with regard to this issue "are clear."

The same is true of the "scope of the charge" defense.  Plaintiff complained to the EEOC

in August 2007 of certain acts of retaliation and then filed a federal lawsuit claiming race

discrimination as many as three years earlier.  ExxonMobil cannot prove without discovery that

portions of Plaintiff's retaliation lawsuit is not "like or reasonably related to the allegation of the

[EEOC] charge and growing out of such allegations."[2]  Johnson v. Indopco, 834 F. Supp. 1039,

1043 (N.D. Ill. 1993); Jenkins v. Blue Cross Mutual Hosp. Ins., 538 F.2d 164, 167 (7th Cir.) (en

banc), cert. denied, 429 U.S. 986 (1976); Cheek v. Western and Southern Life Insurance, 31

F.3d 497, 500 (7th Cir. 1994) (allowing complaint to encompass allegations outside the ambit of

the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as

well as deprive the charged party of notice of the charges).

Plaintiff's' Complaint alleges  claims of discriminatory treatment by a manager beginning

in November 2004 and continuing through 2005 and 2006  (¶¶ 13-14, "Discriminatory Treatment

of Mr. Thomas") The instant lawsuit is predicated on the EEOC charges filed by Thomas in

August 2007 about retaliation beginning in May 2007.  Any claims for race discrimination

---

[2]     Proof that allegations are "alike or reasonably related" requires more than assertion of the
        same cause of action.  A plaintiff must describe the same conduct and implicate the same
        individuals. He cannot invoke certain episodes of discrimination in his EEOC Charge and
        difference episodes in his claim for judicial relief.

before May 25, 2007 were dismissed in Cause No. 07-cv-00813 (N.D. Ill.) (transferred from Cause No. 06-cv-144 (N.D. Ind.) and cannot be gathered within the scope of Plaintiff's August 2007 EEOC charges so they can be relitigated here. Plaintiff also cannot attack ExxonMobil's exhaustion defenses by suggesting there is nothing in his Complaint that was not in his "original EEOC charge." (MTD, p. 7) The lawsuit based on his "original charge" has long since been dismissed by Judge Lefkow.

**2.     It is possible for ExxonMobil to prove a set of facts to support Affirmative Defenses Nos. 12, 14, and 17 that would allow Defendant to escape or mitigate liability.**

In a Title VII case, an employer's prompt investigation and remedial action to correct improper conduct is a valid affirmative defense.  Renalds v. SRG Restaurant Group, 119 F.Supp 2d 800, 805 (N.D. Ill 2000).  Also appropriate as an affirmative defense as it relates to punitive damages is the employer's good faith in attempting to comply with Title VII.  See Kolstad v. Am Dental Ass'n, 527 U.S. 526, 545 (1999) (employer not vicariously liable for managers where decisions are contrary to good faith efforts to comply with the law).

Plaintiff alleges that the exclusivity provision of the Illinois Worker's Compensation Statute is inapplicable to his claimed injuries.  However, because Plaintiff's Complaint refers only generally to pecuniary, non-pecuniary, and compensatory damages, without specifics as to whether he is claiming any for personal injury to his physical or mental health, such claims could, *on some set of facts*, implicate worker's compensation exclusivity.  The issue whether those injuries are "accidental" is a question governed by worker's compensation jurisprudence and requires an analysis of many factors and exceptions.  It should not be decided by the Court in this early stage of the litigation.  Plaintiff's Complaint, on its face, does not eliminate the possibility that he will allege "accidental" injuries as defined by 820 ILCS 305/5(a).  Therefore,

it is not *impossible* for ExxonMobil to prove a set of facts that support its defenses that Plaintiff's recovery for certain injuries is limited to worker's compensation.

**B.     Affirmative Defenses Nos. 1, 2, 3, 4, 5, 8,[3] 10, 11, 13, 15, 17, and 18 fully comply with Fed. R. Civ. Proc. 8's notice pleading standards**

An affirmative defense need only include direct or inferential allegation as to the elements of the defense asserted.  Fed. R. Civ. Proc. 8 allows averments in a pleading to be simple, concise, and direct, with no required "technical forms of pleading" and requests that all pleadings "*be so construed as to do substantial justice*."  Fed. R. Civ. Proc. (8)(e)(1)(f).  In MPC Containment, 2008 WL 1775501, the court *disagreed* with the plaintiff that a waiver defense should be struck because the defendants did not narrowly allege within that affirmative defense *each* material element. As in the case at bar, where the MPC defendants "*set forth a short and plain statement of the nature of the defense*" and where some direct or inferential allegation regarding each element was contained in other paragraphs of its Answer the affirmative defenses survived. Id. at * 3.

Contrary to what Plaintiff implies, it is not clear in the Northern District of Illinois whether failure to state a claim may be raised as an affirmative defense. There are numerous decisions that allow it.  See Codest Engineering, 954 F. Supp. at 1231 (failure to state a claim may be properly asserted as an affirmative defense); Cohn v. Taco Bell, 2007 WL 2680970 at *2 (citing various Northern District of Indiana courts' refusals to strike failure to state a claim defense).  In fact, the Federal Rules of Civil Procedure's Appendix of Forms lists "failure to state

---

[3]     Plaintiff suggests that Affirmative Defense 8 and Affirmative Defense 13 are identical. (MTS, p. 12)  Clearly they are not.  Affirmative Defense 8 regards the need for any alleged unlawful events to have occurred no *earlier* than 300 days before his August 9, 2007 suspensions or 300 days before his August 30, 2007 termination.  Affirmative Defense 13 relates to the statute of limitation, which could encompass the 90 days within which the lawsuit must be filed after receipt of a right to sue, statutes of limitations periods in employment agreements, or other applicable limitations periods.

a claim" as a *model* defense.  And, if the Court strikes this defense *without prejudice*,[4] all

ExxonMobil must do is move to amend its affirmative defenses as currently worded to refer to a

particular count of the complaint or to notify Plaintiff of specific infirmities.  That is a time-

wasting exercise at this stage in this litigation.

      Defendant's "failure to mitigate damages" defense is also appropriate.  See, Sanchez v.

La Rosa Del Monte Express, 1994 WL 603901 at *2 (N.D. Ill. 1994) (failure to mitigate defense

not struck because it sufficiently informed plaintiff litigation was at an early stage, and it would

be unreasonable for defendant to have detailed information about plaintiff's post termination

conduct).  See also Carpenter v. Ford Motor Co., 761 F. Supp. 62, 65 (N.D. Ill. 1991).

**C.    None of Defendant's Affirmative Defenses attack the truth of plaintiff's claims; they only challenge the plaintiff's legal right to bring such an action**

      Contrary to Plaintiff's assertion, ExxonMobil's defenses do not "simply contradict"

Plaintiff's allegations.  The law does not obligate ExxonMobil to accept as true every conclusion

alleged by Plaintiff in his Complaint.[5]  ExxonMobil's defenses do not refuse to admit Plaintiff's

allegations; rather, they properly assert that it is a legal reason which excuses ExxonMobil from

liability.  Menchaca v. Am Med. Resp. of Ill., 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998); Lincoln

Diagnostics, Inc., 2007 WL 2680970 at *1  (affirmative defenses assume complaint facts to be

true but assert some other reason why defendant is not liable).

---

[4]     In many of the cases cited by Plaintiff, where the Court has stricken a defense, it has done so *without prejudice*.  Reis Robotics v. Concept Industries, 462 F. Supp. 2d 897 (N.D. Ill. 2006) (defendant given opportunity to replead stricken affirmative defenses); Cohn, 2007 WL 2680970 (defenses dismissed *without* prejudice).

[5]     Although Plaintiff's Complaint should contain numbered paragraphs of fact, Plaintiff's pleading is awash with opinion, hypothesis, and legal conclusions despite the "Facts" heading; e.g., that "black employees began to receive different treatment than white employees" (¶ 10); that "discriminatory treatment continued through 2005 and 2006" (¶ 14); that a letter of reprimand was "unfounded" (¶¶ 20, 22, 27); and the "ultimate fact" that Thomas' "termination was unfounded." (¶ 32)  Exxon Mobile is not obliged to admit the truth of legal conclusions, only facts.

### III.     CONCLUSION

As described above, Plaintiff's Motion to Strike and/or Dismiss every one of ExxonMobil's affirmative defenses is, in most cases, without substantive merit.  Even if it did, granting of the Motion will delay, rather than speed, this litigation and will "clutter" rather than streamline it.  Renalds, 119 F. Supp. 2d 800 (courts disfavor motions to strike affirmative defenses because they potentially serve only to cause delay).

A Court may dismiss a defense only after drawing all reasonable inferences in favor of the pleader (here that is ExxonMobil because it is the party that pled the affirmative defenses) and being convinced beyond a doubt that there is no set of facts that would support the defense. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Only if it is *impossible* for ExxonMobil to prove a set of facts to support an affirmative defense that would defeat Plaintiff's Complaint should that defense be struck. Plaintiff has not established such impossibility for ExxonMobil's defenses. Even if he could,  by repleading of the defenses after they are struck without prejudice ExxonMobil would easily create the prerequisite "possibility."  Striking an affirmative defense does not bar its substantive argument from the case because affirmative defenses – like complaints – are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings "freely . . . when justice so requires."  Fed. R. Civ. Proc. 15(a).

Plaintiff concludes that striking the defenses will expedite the resolution of the case, and implies that allowing them will in some unexplained way "delay" matters.  That is simply hypothesis and speculation on the part of Plaintiff.  To the contrary, the only delay in this case thus far is has been caused by Plaintiff quibbling over affirmative defenses.  Allowing ExxonMobil to plead and utilize its defenses will hasten the conclusion of this litigation by establishing Plaintiff's lack of any admissible evidence to support various elements of his

retaliation claim. Because ExxonMobil's defenses are sufficient as a matter of law or present

questions of law or fact, they should stand.

Respectfully submitted,

OGLETREE DEAKINS NASH SMOAK
  & STEWART, P.C.

By: s/ Jan Michelsen
        Jan Michelsen, #18078-49
        Jennifer L. Colvin, #6274731

Ogletree Deakins Nash Smoak
  & Stewart, P.C.
111 Monument Circle
Suite 4600
Indianapolis, Indiana  46204
317/916-1300
Fax:  317/916-9076
jan.michelsen@odnss.com

Ogletree Deakins Nash Smoak
  & Stewart, P.C.
Two First National Plaza, Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
Telephone: (312) 558-1220
Fax: (312) 807-3619                          Attorneys for Defendant
E-mail: jennifer.colvin@odnss.com            Exxon Mobil Corporation

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Defendant's Response to Plaintiff's Combined

Motion to Dismiss and Motion to Strike Defendant's Affirmative Defenses Pursuant to Fed. R.

Civ. Proc. 12(b)(6) and 12(f) has been filed electronically, this 6th day of June, 2008.  Notice of

this filing will be sent to the following parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system:

> Aaron B. Maduff
> Maduff & Maduff, LLC
> One East Wacker Drive
> Suite 2122
> Chicago, Illinois  60601

> s/ Jan Michelsen
> Jan Michelsen

6403285.1 (OGLETREE)