IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE THOMAS, | | |
| Plaintiff, | | No. 07-CV-7131 |
| v. | | Honorable Judge Guzman |
| EXXON MOBIL CORP., | | Magistrate Judge Mason |
| Defendant. | | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS COMBINED MOTION TO DISMISS AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R CIV. PRO. 12(b)(6) and 12(f)**

Plaintiff JESSE THOMAS, by and through his attorneys, hereby files his reply memorandum in support of Plaintiff's Combined Motion to Dismiss and Motion to Strike Defendant's Affirmative Defenses and in support thereof states as follows:

**Standard**

In *Heller v. Financial, Inc. v. Midwhey Powder Co., Inc.*, the 7th Circuit stated, "Midwhey places great reliance on the general rule that motions to strike are disfavored. This is because motions to strike *potentially* serve only to delay (emphasis added). But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." See *Heller Financial, Inc. v. Midwhey Powder Co, Inc.*, 883 F. 2d 1286, 1294 (7th Cir. 1989).

Like the defendant in *Heller*, Defendant in this case also places great reliance on the general rule that Motions to Strike are disfavored, arguing that "judicial economy" will not be achieved by striking Defendant's affirmative defenses because Defendant will simply seek leave to amend, which will be freely granted as justice requires. See Defendant's Response to Combined Motion at 3. But

1

Defendant over-relies on this side of the equation. Plaintiff acknowledges that Motions to Strike are generally disfavored as they can cause delay (see Motion to Strike at 13). But in this case, by removing clutter prior to discovery and clarifying what it is that Defendant is claiming in defense, this Combined Motion would serve to "expedite not delay." See *Id.*

Affirmative defenses are subject to the same requirements under the Federal Rules of Civil Procedure as all other pleadings and must be more than mere bare bones conclusory allegations. See *Heller Financial, Inc.*, 883 F. 2d at 1295. Under the 3-part test developed in the Northern District of Illinois, even if a court first determines that an affirmative defense is appropriate, the defense is also then subject to the adequate pleading standards under Rules 8 and 9 and thirdly tested for legal sufficiency under Rule 12(b)(6). See *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D.Ill. 1991). Thus, in *Heller*, the 7th Circuit struck all of the defendant's affirmative defenses even while recognizing that leave to amend affirmative defenses will be freely granted as justice requires, because the defendant "omitted any short and plain statement of the facts and failed totally to allege the necessary elements of the alleged claims." See *Id*. at 1294-1295. Applying the Northern District's 3-part analysis to Defendant's affirmative defenses, while some of the defenses are technically deficient on pleading grounds or fail to state a claim, other defenses are simply unavailable altogether and are inappropriately raised as affirmative defenses.

**Argument**

**A.     Affirmative Defenses 6, 7, 9, 12, 14 and 16-17 Fail to State a Claim**

To prevail on a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the movant must show that no set of facts could be proven in support of the

claim that would entitle the non-movant to relief or that the claim fails as a matter of law. A Rule 12(b)(6) motion may be based on either or both of two grounds: 1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2); *or* 2) a challenge to the legal cognizability of the claim. See *Rivera v. Selsky*, 2007 WL 956998 at *5 (N.D.N.Y.,2007). Thus, Plaintiff's legal arguments are well placed in its Combined Motion.

    1.    <u>Exhaustion - Defenses Six and Seven</u>

The dual purpose of the 12(b)(6) motion to dismiss is particularly applicable to Defendant's Sixth and Seventh Affirmative Defenses, the so-called "exhaustion defenses." As noted in Plaintiff's Combined Motion:

> Defendant's Sixth and Seventh Affirmative Defenses are vague as to exactly how Plaintiff failed to exhaust his administrative remedies, failed to comply with the enforcement provisions of Title VII, or failed to fulfill all conditions precedent to maintaining an action under Title VII. However, the implication is that by receiving a notice of right to sue prior to the expiration of 60 days (IDHR's right to investigate) and 180 days (EEOC's right to investigate), the administrative enforcement mechanism of Title VII is frustrated. See Plaintiff's Combined Motion at 2-3.

Defenses Six and Seven fail to state a claim, first, because as pled they do not provide Plaintiff with the required notice of the relevant elements of the defense and Plaintiff has been left to guess that Defendant is referring to Plaintiff's receipt of an early right to sue. See *Cohn v. Taco Bell Corp.*, 1995 WL 247996 at *4 (N.D. Ill).

Secondly, if Defenses Six and Seven do reference Plaintiff's early right to sue letter and the validity of this action premised on the early right to sue, this is a purely legal question that is also properly raised in a 12(b)(6) motion to dismiss. The interests of judicial economy will be best served by resolving the exhaustion issue early rather than after significant resources have been expended

in discovery.[1]

To that end, Defendant cites only one case in support of its exhaustion defenses (and an out of district case at that), *Simler v. Harrison County Hospital*, 110 F. Supp. 2d 886 (S.D. Ind. 2000). Not only does *Simler* recognize that "other district courts in the Seventh Circuit ... most notably the Northern District of Illinois" have agreed with the Ninth and Eleventh Circuits in upholding the validity of EEOC regulation 29 C.F.R. §1601.28(a)(2) (authorizing the issuance of early right to sue letters), see *Simler*, 110 F. Supp. 2d at 888, citing *Rolark v. University of Chicago Hosps.*, 688 F. Supp. 401, 101 (N.D. Ill. 1988); *Parker v. Noble Roman's Inc.*, 1996 WL 453572 at *2 (S.D. Ind. 1996), but *Simler's* own conclusion flies in the face of logic. *Simler*, unlike other courts in the 7th Circuit, concludes that the EEOC regulation may be valid only as to cases where some type of investigation was at least commenced (though not necessarily completed), and not valid as to cases where no investigation was commenced. *Simler* is then silent as to what actually constitutes an investigation. See *Id.* at 890-891.

The rest of the 7th Circuit, particularly the Northern District of Illinois, as well as the 9th and 11th Circuits, have anticipated the extra problems created in making such fine distinctions and partial or contingent validations of the EEOC regulations. These and other courts have determined that where the EEOC finds, due to backlog or any other reason, that it cannot investigate within the 180 days and elects to issue a right to sue letter, an aggrieved party should not be required to arbitrarily

---

[1]If Defendant is correct on the exhaustion issue, then Plaintiff should bring the case back to the EEOC now rather than later to preempt any statute of limitations issues (although the statute of limitations on the initial charge filing should be equitably tolled). And if the case should be dismissed on the basis of exhaustion, then it would be more appropriate for Defendant to file a Rule 56 Motion on this point immediately rather than have the parties engage in all the work of discovery. In light of these considerations, clearly, determining the viability of this defense at the outset is the very essence of judicial economy.

4

wait out the 180 day expiration period, particularly because the purpose of the 180 day period is to protect the aggrieved party from extended administrative proceedings or bureaucratic backlog. See *Sims v. Trus Joint Macmillan*, 22 F. 2d 1059, 1061 (11th Cir. 1994).

The Northern District has also touched upon some equitable considerations in upholding the EEOC's regulation and allowing Title VII actions premised on early right to sue letters to move forward. The 7th Circuit has confirmed that failure to exhaust administrative remedies in Title VII cases is not a jurisdictional requirement. Rather it is a precondition to bringing a Title VII claim in federal court. As such, it is subject to waiver, estoppel and equitable tolling. See *Gibson v. West*, 201 F.3d 990, 993-994 (7th Cir.2000). In *Rolark v. University of Chicago Hosps*. (N.D. Ill., Judge Moran), the court stated that because the 180 day requirement at the EEOC does not operate as a jurisdictional bar, the plaintiff's cause of action should not be restricted by the administrative decisions of the EEOC. See *Rolark*, 688 F. Supp. at 404. In fact, "given the remedial aims of the Act and the specified purpose behind § 706(f)(1), we do not think Congress intended to force victims of discrimination to undergo further delay when the district director has determined such delay to be unnecessary." See *Id*. Plaintiff relied on the validity of the EEOC's regulations when he requested an early right to sue letter, so equitable considerations should apply and Plaintiff should not be prejudiced in moving forward with this action.

    2.    <u>Exceeding the Charge - Defense Nine</u>

Defense Nine seems to arise out of Defendant's belief that Plaintiff is trying to restate a claim for race discrimination upon which Plaintiff filed a lawsuit three years earlier in 2005 and which Defendant asserts is barred as exceeding Plaintiff's August 2008 EEOC charges. But the Complaint clearly states "Complaint for Damages for *Retaliation* in violation of 42 U.S.C. 2000e, et seq."

5

(emphasis added), which is reiterated in the only demand for relief.[2]  Defendant is correct that Plaintiff's three separate EEOC charges, from August 9, 24, and 30, 2007 are for *retaliation* and the discrimination that occurred three years earlier exceeds the scope of these charges, was dismissed with prejudice, cannot be relitigated, and in any case is time-barred by the relevant statute of limitations.  See Defendant's Response to Combined Motion at 5-6.  But Defendant's concerns are unfounded because Plaintiff is not attempting to relitigate the discrimination claims for which he brought suit in 2005.  Rather, the claims of race discrimination are a part of the "engaged in protected activity" prong of Plaintiff's prima facie retaliation claim.

Defendant had notice of all three of Plaintiff's August 2007 charges upon which this action is based and also knew that the EEOC issued Plaintiff rights to sue as to all three charges.  See Defendant's Answer to Plaintiff's Complaint paragraph 5 and 6.  Taken together, Plaintiff's August 2007 charges allege that Plaintiff filed a charge of discrimination in 2005, that during the course of Plaintiff's employment he was harassed and disciplined, that he was suspended in retaliation for engaging in protected activity on August 6, 2007, again on August 24, 2007, and eventually terminated on August 27, 2007.  In these charges, Plaintiff set forth a prima facie case of retaliation.  Similarly, the allegations of the Complaint pertaining to the underlying discrimination is merely part and parcel of Plaintiff prima facie case of retaliation, that Plaintiff engaged in protected activity, that there were adverse employment actions taken against him by his employer, and that there is a causal

---

[2]Affirmative Defense Nine is effectively a defense against claims that were not made and does nothing but muddy the claims that were actually made in this case.  Taken to its absurdity, a similar defense could be made (and the Court would be reasonable in striking) as to other claims that were never made, such as intellectual property claims.  It is conceivable in this case that Defendant misread the basis portion of the Complaint, which references the discrimination as a basis for the retaliation, but any reasonable reading of the Complaint would yield the conclusion that it is in fact a claim for retaliation and retaliation only.

connection between the two.

Defendant also misunderstands what Plaintiff meant by suggesting that there was nothing in the Complaint that was not contained in or does not grow out of the original EEOC charge. As Plaintiff's claim is for retaliation and retaliation alone, by "original EEOC charge" Plaintiff means the August 2007 charges upon which this action is premised, not the original EEOC charge filed in 2005 for discrimination.

### 3. "Good Faith" - Defenses Twelve, Fourteen, Seventeen

As for Defendant's "Good Faith" Defenses Twelve, Fourteen, and Seventeen, Defendant argues that "an employer's prompt investigation and remedial action to correct improper conduct is a valid affirmative defense," citing *Renalds v. SRG Restaurant Group*, 119 F. Supp. 2d 800, 805 (N.D. Ill. 2000). But the Defendant's citation of *Renalds* is incomplete and does not support Defendant's good faith defenses. *Renalds* merely recited and clarified the *Faragher/Ellerth* defense which, as stated in Plaintiff's Motion to Strike, is only available where *no tangible employment action was taken*. See Plaintiff's Motion to Strike at 7. "Recently, the Seventh Circuit clarified this defense when it explained, to merit an instruction on the *Faragher/Ellerth* affirmative defense the employer must show that: 1) the plaintiff endured no tangible employment action; 2) there is some evidence that the employer reasonably attempted to correct and prevent sexual harassment; and 3) there is some evidence that the employee unreasonably failed to utilize the avenues presented to prevent or correct the harassment." See *Renalds* at 805 citing *Savino v. C.P. Hall Co.*, 199 F.3d 925, 932 (7th Cir.1999) (construing *Faragher*, 524 U.S. 775, 807-808; see also *Molnar v. Booth*, 229 F.3d 593 (7th Cir.2000) (accord).

Not only has Plaintiff complained of a tangible employment action (namely his termination),

but Defendant has admitted in its Answer that it suspended and terminated Plaintiff. See Defendant's Answer to Complaint paragraphs 19, 21, 25, 26, 30. As such, Defendant can prove no set of facts that there was no tangible employment action taken against Plaintiff entitling Defendant to the *Faragher/Ellerth* defense. The good faith defenses are thus not available to Defendant as a matter of law.

    4.    <u>Workers Compensation Exclusivity - Defense Sixteen</u>

As for Defendant's Sixteenth Affirmative Defense - Workers Compensation Exclusivity, Defendant argues that the defense should not be stricken because it may not be *completely impossible* for ExxonMobil to prove a set of facts that Plaintiff's recovery for injuries is limited to workers compensation. See Defendant Response to Combined Motion at 7. Plaintiff argues in reply that it is, in fact, completely impossible for Defendant to prove this set of facts. At the outset, acts violative of Title VII are intentional in nature.[3] Plaintiff has only made a claim for retaliation under Title VII and is not making any claims for accidental injuries associated with workplace accidents (typically the domain of workers compensation). Plaintiff has alleged that his injuries arise from these intentional acts that are violative of Title VII and affirmative defenses must assume the truth of facts alleged. See *Cohn v. Taco Bell Corp.*, Not Reported in F. Supp. 1995 WL 247996 at *3. Any injuries that would come under the purview of the Illinois Workers Compensation Act would in any case not be redressed by the limited types of remedies that a plaintiff is entitled to under Title VII, which are identified with specificity.

While Plaintiff believes a Rule 12(f) Motion to Strike is appropriate because the defense

---

[3]Obviously, there is an exception for disparate impact claims, but Plaintiff is not proceeding under a disparate impact theory.

raises an "... immaterial ... matter," see Fed. R. Civ. Pro. 12(f), if there is a set of facts that could be proven to support the defense, it is incumbent on Defendant to cite or reference some allegation or facts to put Plaintiff on adequate notice in order to begin discovery on the issue.[4]

**B.    Defenses 1-5, 8, 10-11, 13, 15, 17-18 Fail to Meet Pleading Standards[5]**

    1.    <u>Inadequately Pled Defenses</u>

Defendant states that an "affirmative defense need only include direct or inferential allegations as to the elements of the defense asserted" but misrepresents what constitutes a "direct or inferential allegation."  See Defendant Response to Combined Motion at 7.  To illustrate, Defendant cites *MPC Containment*, 2008 WL 1775501 in support of its assertion that the various defenses were adequately pled, but the case citation actually showcases the inadequacy rather than the adequacy of the defenses.  The *MPC* defendants' defenses were allowed to stand where they set forth a short and plain statement of the nature of the defense and *"where some direct or inferential allegation regarding each element was contained in other paragraphs of its Answer"* (emphasis added).  See Defendant Response to Motion to Strike at 7.  In this case, Defendant has set forth no such direct or inferential allegations in support of these defenses in any paragraph of its Answer.

For example, in support of its First Affirmative Defense that Plaintiff fails to state a claim,

---

[4] Failure to strike the defense will require Plaintiff to ask numerous interrogatories to determine the substance of the defense such as "List any workplace injuries sustained by Plaintiff," "State the amount of any recovery obtained by Plaintiff from Defendant for these injuries," "Describe how Plaintiff's recovery for these injuries if any limits or effects Plaintiff's potential recovery for his retaliatory termination," and all manner of document requests and interrogatories on workplace safety policies.  This will unnecessarily expand discovery and potentially force Plaintiff to go beyond the Rule 33 limit on the number of interrogatories permitted.

[5] Each affirmative defense is set forth in Plaintiff's original brief and it does not seem necessary to restate them here.

9

Defendant claims that there "are numerous decisions that allow it," citing *Codest Engineering v. Hyatt Intern. Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996). See Defendant's Response to Combined Motion at 7. But what the *Codest* court actually said was:

> Defendants may assert failure to state a claim as an affirmative defense. As the Federal Rules indicate, a party may raise that defense even at a trial on the merits. Fed.R.Civ.P. 12(h)(2); Van Voorhis v. District of Columbia, 240 F.Supp. 822, 824 (D.D.C.1965). However, in this case, Hyatt's assertion is no more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6). It fails to refer to any particular count of Codest's complaint and fails to notify Codest of any specific infirmities in the complaint. Since the seventh affirmative defense is merely a 'bare bones, conclusory allegation' that Codest fails to state claims, the court will strike this defense without prejudice. See *Id.*

This essentially reiterates what the court in *Reis Robotics* stated with regard to the identical affirmative defense, cited in Plaintiff's Combined Motion at 11 ("As alleged, the defense provides no explanation as to how and in what portion of the complaint Reis has failed to state a claim." See *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006).

The same inadequacy is true of the Fifth Affirmative Defense, that Plaintiff by his own acts, errors, omissions, and conduct is barred and estopped from any recovery in this action.[6] In *MPC Containment*, the court held that equitable defenses such as waiver must be pled with the specific elements required to establish the defense. See *MPC Containment*, 2008 WL 1775501 at *3 citing *Reis Robotics*, 462 F.Supp.2d at 907. Similarly, in *Cohn v. Taco Bell Corp.*, the court struck the general defense of "laches" determining that even under the liberal pleading standards of Rule 8 and

---

[6]Failure to strike the defense will require Plaintiff to ask numerous interrogatories to determine the substance of the defense such as "In what way is Plaintiff by his own acts, errors, omissions, and conduct barred and estopped from any recovery in this action," and "Identify every act, error, and omission which Defendant claims estops Plaintiff from recovery." Depositions on the subject are certain to follow. This will unnecessarily expand discovery and potentially force Plaintiff to go beyond the Rule 33 limit on the number of interrogatories permitted.

although a defense need only be a brief statement, it must nonetheless provide the plaintiff with adequate notice of the relevant elements. See *Id.* at *4. The court stated that the general defense of "laches" was "devoid of any allegation that Plaintiffs' delay in filing their claim for promissory estoppel was unreasonable, or that Defendant suffered prejudice as a result of any delay" so "Defendant's assertion that Count II of Plaintiffs' Complaint is barred by operation of laches is a conclusory allegation, which does not meet even the liberal pleading requirements of Rule 8(a)." See *Id.* citing *Heller Financial, Inc.*, 883 F.2d at 1295.

Generally pleaded defenses have been held sufficient only so long as the pleading gives the plaintiff *fair notice* of the nature of the defense (emphasis added). See *Codest Eng'g*, 954 F.Supp. at 1228. As the Northern District of Illinois, Judge Shadur, wrote in the Appendix to *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (developed with the specific goal of instructing defense counsel against making affirmative defenses that "don't really fit that concept," see *Id.*): "It is unacceptable for a party's attorney simply to mouth Ads in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense- which is after all the goal of notice pleading." See *Id.* As this principle relates to Defense Seventeen, because Defendant has set forth no direct or inferential allegation in support of its claim, Plaintiff has no idea to what Defendant is referring when it alleges that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by ExxonMobil or to avoid harm otherwise.[7]

---

[7]Failure to strike the defense will require Plaintiff to ask numerous interrogatories to determine the substance of the defense such as "What preventative or corrective opportunities were available to Plaintiff that he unreasonably failed to take advantage of?" This will unnecessarily expand discovery and potentially force Plaintiff to go beyond the Rule 33 limit on the number of interrogatories permitted.

The same is true for Defense Eleven, that ExxonMobil did not deny Plaintiff any benefits to which he was entitled.[8]

Defendant also cites *Kolstad v. Am Dental Ass'n*, 527 U.S. 526, 545 (1999), for the proposition that an employer's good faith is an appropriate affirmative defense as it relates to punitive damages (Defense Eighteen). While it is true that in *Kolstad*, the U.S. Supreme Court stated "we agree that, in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII,'" see *Id.*, Defendant has cited no direct or inferential allegation in support of the defense that it made good faith efforts to comply with Title VII. As such, Defense Eighteen does not provide Plaintiff with fair notice as to the nature of the defense and is thus inadequately pled.[9]

    2.    <u>Failure to Admit Truth of Facts Alleged in Complaint</u>

Rather than set forth a short and plain statement of facts alleging the necessary elements of the claim or providing some direct or inferential allegation regarding each element of the claim in its Answer, Defendant at most simply denies the allegations of Plaintiff's complaint and the denials

---

[8] Failure to strike the defense will require Plaintiff to ask numerous interrogatories to determine the substance of the defense such as "To what benefits was Plaintiff entitled to that would limit Plaintiff's recovery or limit Defendant's liability in this action?" This will unnecessarily expand discovery and potentially force Plaintiff to go beyond the Rule 33 limit on the number of interrogatories permitted.

[9] Failure to strike the defense will require Plaintiff to ask numerous interrogatories to determine the substance of the defense such as "What good faith efforts did Defendant make to comply with Title VII," "How did Plaintiff fail to comply with those efforts," and "What should Plaintiff have done to comply with those efforts?" This will unnecessarily expand discovery and potentially force Plaintiff to go beyond the Rule 33 limit on the number of interrogatories permitted.

themselves cannot act as a basis for an affirmative defense. An affirmative defense is an admission of the facts alleged in the complaint coupled with an assertion of some other reason as to why defendant is not liable.[10] See *Cohn v. Taco Bell Corp.*, Not Reported in F. Supp. 1995 WL 247996 at *3 citing *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D. Ill. 1982); see also *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 988 (N.D.Ill .1983). "Where a claimed AD is inconsistent with a complaint's allegation, it will be stricken." See *State Farm Mut. Auto. Ins. Co.*, 199 F.R.D. at 179.

In *Cohn v. Taco Bell Corp.*, the court struck an affirmative defense that attacked the elements of the plaintiff's prima facie case, holding that it was not properly pled as an affirmative defense. See *Id.* Legal insufficiency does not constitute an affirmative defense under Federal Rule of Civil Procedure 8(c) because a true affirmative defense raises matters outside the scope of the plaintiff's prima facie case. See *Instituto*, 576 F.Supp. at 991 ( citing 2A Moore's Federal Practice 8.27[4], at 8-260). Where a defense merely restates a denial of one of the plaintiff's allegations in the complaint, the defense will be stricken. See *Lincoln Diagnostic, Inc. v. Panatrax, Inc.*, Not Reported in F.Supp.2d, 2007 WL 2680970 at *3 (C.D.Ill.,2007).

Under this standard, Defendant's First Defense that Plaintiff fails to state a claim upon which relief can be granted, is not appropriately pled as an affirmative defense. The same is true for the Third Defense, that Plaintiff cannot state a prima facie case of retaliation or cannot establish that Defendant's legitimate, non-discriminatory motives were pretext for retaliation; Defense Ten, that ExxonMobil's actions against Plaintiff were legitimate and non-retaliatory; and Defense Fifteen, that

---

[10]This is not to say that Defendant must admit the allegations of the Complaint in the first instance, but rather must do so for the purposes of the affirmative defense.

Case 1:07-cv-07131    Document 23    Filed 06/20/2008    Page 14 of 16

the challenged practices were job-related, consistent with business necessity, and are not causally connected to any protected activity alleged by Plaintiff.

Defenses Eight and Thirteen, respectively, that Plaintiff's claims are barred to the extent that they concern events outside of the limitations period prior to filing of Plaintiff's charge of retaliation, and some or all of Plaintiff's claims are barred by the applicable statue of limitations, were inadequately pled defenses and did not provide Plaintiff with fair notice as to the nature of the defense. Defendant in Footnote 3 of its Response tried to explain these defenses, asserting that the defenses are not identical because Eight refers to the need for any alleged unlawful events to have occurred no earlier than 300 days before his August 9, 2007 suspensions or 300 days before his August 30, 2007 termination, whereas Thirteen refers to the statute of limitations which could encompass the ninety days within which the lawsuit must be filed after receipt of a right to sue. But the proper thing for Defendant to do is to draft a cogent defense in the first instance or to amend it now to make it cogent. Of course, the defenses cannot stand anyway because Defendant has admitted in Answer to Plaintiff's Complaint that the Right to Sue was issued September 26, 2007 (the Complaint was filed on December 19, 2007, within 90 days of the issuance of the Right to Sue), and because the unlawful retaliation alleged (beginning with the May 25, 2007 letter of reprimand) are on their face no earlier than 300 days before the August 9, 24, and 30, 2007 EEOC charges were filed. To that extent, Defenses Eight and Thirteen merely contradict facts in the Complaint and they must be stricken.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Combined Motion to Dismiss and Motion to Strike Defendant's Affirmative Defenses pursuant to Fed. R. Civ. Pro. 12(b)(6) and 12(f).

14

                                    Respectfully submitted,

                                    Jesse Thomas

| Aaron B. Maduff | By:s/Aaron B. Maduff |
|---|---|
| Atty. No. 6226932 | One of his attorneys |
| Anne J. Kim | |
| Atty. No. 6294382 | |
| Maduff & Maduff, LLC | |
| One East Wacker Drive | |
| Suite 2122 | |
| Chicago, Illinois 60601 | |
| (312) 276-9000 | |

15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE THOMAS,<br><br>                Plaintiff,<br><br>    v.<br><br>EXXON MOBIL CORP.,<br>                Defendant. | No. 07-CV-7131<br><br>Honorable Judge Guzman<br><br>Magistrate Judge Mason |

To:
Jan Michelsen
Ogletree Deakins Nash Smoak & Stewart
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204

**CERTIFICATE OF SERVICE**

     I, Aaron B. Maduff, hereby certify that I served a copy of the Plaintiff's Reply Memorandum in Support of his Combined Motion to Dismiss and Motion to strike Defendant's Affirmative Defenses Pursuant to Fed. R. Civ.Pro. 12(b)(6) and 12(f) to the party listed above by filing the same electronically with the United States District Court for the Northern District of Illinois by 5:00 p.m. on Friday, June 20, 2008.

                                                        s/Aaron B. Maduff

Aaron B. Maduff
Atty. No. 6226932
Anne J. Kim
Atty. No. 6294382
Maduff & Maduff, LLC
One East Wacker Drive
Suite 2122
Chicago, Illinois 60601
(312) 276-9000