UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-07131 |
| | ) | JUDGE GUZMAN |
| EXXON MOBIL CORP, | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

Defendant, Exxon Mobil Corp. ("Exxon Mobil"), by counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and the mandates set forth in Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 945 (7th Cir. 1999), respectfully requests that the following terms and conditions regarding discovery be applied to this cause.  This Protective Order is limited to pre-trial discovery only.  If a party desires documents or information to be sealed from public record, the party must comply with any applicable Local Rules, and demonstrate good cause for such action in accordance with Federal Rule of Civil Procedure 26(c). Defendant requests that the Court approve the terms of this Protective Order, as follows:

A protective order is essential because certain documents, materials and information subject to discovery in this case may involve the production of confidential information, the disclosure of which might be injurious to either party, or to a non-party that is required to produce confidential

information pursuant to subpoena.[1]  Specifically, Plaintiff has requested materials from ExxonMobil Oil Corporation ("ExxonMobil") that may include confidential and/or proprietary information.

This Order is intended to protected the confidentiality of: personnel records and communications (including but not limited to documents pertaining to hire, discipline, salary, personnel actions, and medical histories) of former and present ExxonMobil employees, save for Plaintiff; non-public business records; any documents constituting a trade secret, financial documents (including but not limited to documents pertaining to tax records); and Plaintiff's medical records.  Under this Order, the noted categories of documents subject to this Protective Order will be deemed Confidential Information whether or not marked "confidential."

Accordingly, the Court is requested to Order as follows:

1. <u>Definition Of Confidential Information</u>

As used herein, the term "Confidential Information" means information or documents of any kind pertaining to, but not limited to, the following:

   a. non-public business records;

   b. Any financial information about the Defendant and related corporate entities;

   c. insurance documents;

   d. Any personnel files, which include payroll and benefit information, disciplinary action, and performance evaluations or any other document contained in such a file; and

   e. Any documents constituting a trade secret of Defendant or any related entity.

Any document encompassing the above information contains information not

---

[1] In good faith and to cooperate with and expedite discovery, Defendant agreed to produce confidential documents prior to the Court's entry of this requested Protective Order, on the condition and with the assurance of Plaintiff's counsel that those documents would be limited to "attorney's eyes only" until a valid protective order was entered.

readily available to the general public. Such documents contain personal and confidential information such as social security numbers and payroll information, highly confidential and personal information relating to Parties and non-Parties to this action, and trade secret information.

Confidential Information shall refer to all such designated information released after the entry of this protective order whether revealed during a deposition, in a document, or by production of tangible evidence or otherwise.

2. <u>Identification and Designation Of Confidential Information Or Trade Secrets</u>

Each Party shall designate to the other Parties which materials are considered confidential or trade secret (the "Designating Party"). Information designated as confidential or trade secret shall be identified as such by the words "Confidential – Protective Order," or the like. Such words shall be placed on or affixed to each document and page thereof which contains Confidential Information.

3. <u>Protection Of Confidentiality</u>

Confidential Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in Paragraphs 4-6, shall not be disclosed to any person, including the Party represented by that counsel, or used by counsel for any Party, other than for purposes of this action. Persons to whom access to Confidential Information or depositions is given pursuant to this Order shall keep such information and any copies, abstracts or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure including, without

3

limitation, such precautions as protection against unauthorized copying and provision for safekeeping.

    4.    <u>Access To Confidential Information</u>

Except as provided in Paragraph 6 below or by Court order, persons entitled to have access to Confidential Information produced by another Party shall be restricted to the Parties and counsel for each Party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action, and employees of such counsel, and the officers of each Party.

    5.    <u>Prospective Lay Witnesses</u>

In the event that counsel for a Recipient Party believes that it is necessary to disclose any Confidential Information to any prospective lay witness who is consulted in the course of preparing for trial, at least ten (10) days prior to making a disclosure to such person or persons, counsel for the Party desiring to do so shall give written notice thereof to opposing counsel, which notice shall identify the person or persons to whom disclosure is to be made and describe the Confidential Information intended to be disclosed to such person or persons. If the Designating Party objects to disclosure of the specified Confidential Information to such person or persons, it shall notify the Party desiring to make said disclosure of its objection in writing within the ten (10) day period and the Recipient Party shall move the Court within seven (7) days after the Designating Party objects, for a ruling on whether said Confidential Information may be so disclosed. In the event of such a motion, disclosure of the Confidential Information to such person or persons shall not be made pending the ruling of the Court.

    6.    <u>Conditions To Access To Confidential Information</u>

Before disclosure of Confidential Information is made to any person specified in Paragraphs 4 and 5 [other than the Parties and counsel for each Party and employees of such counsel as

discussed in Paragraph 4], that person shall first read a copy of this Order and agree to be bound by it. Each Party's counsel shall maintain a list of all persons to whom they disclose Confidential Information.

    7.    <u>Limitations On Copying</u>

No copies, summaries or abstracts of Confidential Information shall be made by a Party, or its trial attorneys, for distribution or used by persons other than those described above.

    8.    <u>Depositions</u>

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken as if <u>in</u> <u>camera</u> without any persons in attendance other than those described in Paragraphs 4 and 5 hereof, the deposition witness and court reporters.

    9.    <u>Confidential Information To Be Filed With Court Under Seal</u>

The portion of the transcript of every deposition and all exhibits, answers to interrogatories and responses to requests for production filed with the Court which contain designated Confidential Information and all portions of all pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce or paraphrase Confidential Information, shall, after application to the Court and good cause shown, and in addition to complying with any local rules, shall file such information under seal, according to the procedures outlined for electronic filing of same.

The fact that the entire transcript, answers or response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answers or response not designated as confidential.

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court, the Recipient Party must notify the Designating

Party at least ten (10) days prior to filing any such Confidential Information to allow the Designating Party to make application to the Court for sealing the Confidential Information for good cause.

10.     Time For Designation Of Confidential Information

Each Party shall, at the time of the deposition, if possible, but not later than thirty (30) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information.

11.     Dispute As To Confidentiality

Any Party may contest the confidential status of any information designated as Confidential Information.  If a Party disagrees with any designation of any information as confidential, it shall notify counsel for the other Parties and they shall attempt to resolve the dispute by agreement.  If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.  At any hearing to determine the confidential status of any information, the Party designating the information as confidential shall have the burden of showing why such information should be confidential.

12.     Public Information

Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information.  However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of any contract or court order, such Confidential Information must still be treated as confidential under this Protective Order.

13. <u>Other Persons</u>

Each Party reserve the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in Paragraphs 4 and 5.

14. <u>Voluntary Waiver</u>

At any time after any information, document or deposition testimony is designated as confidential under this Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons employed by the Recipient Party, and the Designating Party may waive the ten (10) day period set forth in Paragraph 5 of this Order. Any such agreement or waiver must also be in writing or by statement made on the record at a deposition.

15. <u>Retained Jurisdiction</u>

The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action.

16. <u>Amendment</u>

This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be approved by the Court and filed herein.

17. <u>Disposition on Termination of Action</u>

After the final termination of this action, and unless the Parties agree otherwise, each Party shall:

    a.    assemble and make available for return to the Designating Party all materials, documents, summaries, computer records and abstracts containing Confidential Information;

    b.    make available for return or destroy every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Confidential Information;

    c.    certify in writing that the procedures set forth above have been completed; and

    d.    agree not to disclose the substance of any Confidential Information revealed to it by the Designating Party.

18.    <u>Challenges To The Protective Order By Third Parties</u>

Any third party may challenge the provisions of the Agreed Protective Order by filing the appropriate action with the Court.

19.    <u>Compliance With Seventh Circuit Case Law</u>

This Agreed Protective Order complies with the mandates set forth by the Seventh Circuit in <u>Citizens First National Bank of Princeton v. Cincinnati Insurance Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999), <u>Baxter Intern., Inc. v. Abbott Laboratories</u>, 297 F.3d 544 (7th Cir. 2002), and <u>Union Oil Co. of California v. Leavell</u>, 220 F.3d 562 (7th Cir. 2000).

                          OGLETREE DEAKINS NASH SMOAK
                              &STEWART, P.C.

                          By: s/ Jan Michelsen
                                Jan Michelsen, #18078-49

Ogletree Deakins Nash Smoak
 & Stewart, P.C.
111 Monument Circle
Suite 4600
Indianapolis, Indiana 46204                Attorneys for Defendant
317/916-1300                                Exxon Mobil Oil Corporation

9

Approved this _____ day of _____, 2008.

_____
JUDGE, United States District Court
Northern District of Illinois
Eastern Division

Copies to:

Jan Michelsen
Ogletree Deakins Nash Smoak &
 Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana  46204

Aaron B. Maduff
Maduff & Maduff, LLC
One East Wacker Drive, Suite 2122
Chicago, IL  60601


6563845.1 (OGLETREE)