**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7131 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| EXXON MOBIL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Jesse Thomas has sued Exxon Mobil Corp. ("Exxon") for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. Before the Court is Thomas' motion to strike Exxon's eighteen affirmative defenses pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). For the reasons provided below, the Court grants in part and denies in part the motion.

## Facts

On June 27, 2005, Jesse Thomas, a maintenance mechanic for Exxon, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discriminatory treatment and harassment by his supervisor, Pat O'Reilly. (Compl. ¶ 15.) On April 13, 2006, Thomas filed a complaint in the U.S. District Court for the Northern District of Indiana. (*Id.* ¶¶ 16-17.) The case was transferred to this district and dismissed with prejudice, and the dismissal ruling was posted on the court's electronic docket on August 6, 2007. (*Id.* ¶¶ 18, 23, 24.) That same day, Thomas was suspended from work for three days. (*Id.* ¶ 25.) During July and August 2007, Thomas also received several letters of reprimand from Exxon for

"continued unsatisfactory work performance." (*Id.* ¶¶ 19-27.) On August 10, 2007, he returned to work, but on August 28, 2007, he was officially terminated. (*Id.* ¶¶ 28-30.) On December 19, 2007, after he filed another EEOC charge based on retaliation and received a right-to-sue notice, Thomas filed this suit.

**Discussion**

In a motion to strike pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts in this district have traditionally utilized a three-part inquiry when examining affirmative defenses subject to a motion to strike: (1) "whether the matter is appropriately pleaded as an affirmative defense" – "[o]nly matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise"; (2) "if it is adequately pleaded under the requirements of Rules 8 and 9" – if "inadequately pleaded, [the affirmative defense] will be dismissed without prejudice to enable defendant[] to correct that technical deficiency"; (3) whether the affirmative defense meets the Rule 12(b)(6) standard – "[i]f it is impossible for defendant to prove a set of facts in support of the affirmative defense that would defeat the [c]omplaint, the matter will be stricken as legally insufficient." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982); *see H.R.R. Zimmerman Co. v. Tecumseh Prods. Co.*, No. 99 C 5437, 2002 WL 31018302, at *2-3 (N.D. Ill. Sept. 9, 2002); *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, No 01 C 5014, 2002 WL 485387, at *2 (N.D. Ill. Mar. 29, 2002).

Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(c); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802

(N.D. Ill. 2000). Under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader. Fed. R. Civ. P. 12(b)(6); *Renalds*, 119 F. Supp. 2d at 802.

However, it is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint. *Rivertree Landing, L.L.C. v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007); *Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983). "The basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Indeca*, 576 F. Supp. at 989 (emphasis in original).

### A. Affirmative Defenses III, IV, X, XI, XII, XIV, XV and XVIII

Plaintiff has moved to strike Affirmative Defense III (no *prima facie* case; existence of non-discriminatory reasons for termination); IV (same decision would have been made regardless of plaintiff's complaints); X (legitimate, non-discriminatory reasons for termination); XI (plaintiff was not denied benefits to which he was entitled); XII (good faith; no intentional retaliation); XIV (conduct was not willful); XV (challenged practices were job-related, consistent with business necessity and not causally connected to protected activity); and XVIII (no malice or reckless indifference on part of defendant). Because each of these affirmative defenses is nothing more than a mere denial of the allegations in the complaint, they are inappropriately pleaded as affirmative defenses, and the Court grants the motion to strike them.

*See Rivertree Landing*, 246 F.R.D. at 668; *Indeca*, 576 F. Supp. at 989. Therefore, the Court strikes Affirmative Defenses III, IV, X, XI, XII, XIV, XV and XVIII with prejudice.

### B. Affirmative Defenses I and V

Defendant's Affirmative Defense I states only that "[s]ome or all of the allegations in Plaintiff's claim fail to state a claim upon which relief can be granted." (Def.'s Answer 10.) This Court has made clear that an affirmative defense may not simply restate the standard for dismissal under Rule 12(b)(6), *see, e.g., Ring v. Bd. of Educ. Cmty. Sch. Dist. No. 60*, No. 03 C 7397, 2004 WL 1687009, at *2 (N.D. Ill. July 27, 2004), and the Court holds that such a conclusory statement is insufficient to allege an affirmative defense. The Court strikes Affirmative Defense I without prejudice.

The same reasoning applies to Affirmative Defense V in which defendant states that plaintiff "by his own acts errors, omissions, and conduct is barred and estopped from any recovery in this action." (Def.'s Answer 11.) This is merely a recitation of the "estoppel" affirmative defense listed among other illustrative examples in Rule 8(c). To properly assert an estoppel affirmative defense, the defendant must, at the very least, provide the opposing party notice of the basis for the application of estoppel. *See, e.g., Bobbit*, 532 F. Supp. at 738; *Tome Engenharia E. Transportes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *11 (N.D. Ill. April 11, 1996); *Gen. Elec. Capital Corp. v. Munson Marine, Inc.*, No. 91 C 5090, 1992 WL 24067, at *2 (N.D. Ill. Jan 29, 1992). This the defendant has failed to do. The Court thus strikes Affirmative Defense V without prejudice.

### C. Affirmative Defenses IX and XVI

Affirmative Defense IX states that any claims that were not raised in plaintiff's August 2007 EEOC charge cannot be maintained and are barred for failure to exhaust administrative remedies. However, plaintiff has only raised one claim in his complaint: defendant retaliated against plaintiff by terminating him for pursuing a discrimination claim under Title VII. (Compl. ¶¶ 32, 34.) Under Rule 12(f), a court may order stricken any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Therefore, because Affirmative Defense IX raises a defense to hypothetical claims plaintiff has not asserted, it is immaterial to the current litigation as it now stands and is therefore stricken without prejudice.

Similarly, Affirmative Defense XVI states that plaintiff's claim is barred by the exclusivity doctrine of the Illinois Worker's Compensation Act ("IWCA"), 820 Ill. Comp. Stat. 305. The IWCA provides for damages due to "accidental" injuries to an employee's physical or mental health. 820 Ill. Comp. Stat. 305/5(a). Defendant argues that plaintiff's complaint does not eliminate the possibility that he will allege accidental injuries as defined by the IWCA. (Def.'s Resp. 6.)

This argument is unfounded for two reasons. First, plaintiff's complaint clearly states that defendant's retaliation was "willful and malicious." (Compl. ¶ 36.) Plaintiff does not assert any right to recover for accidental injuries at any point in his complaint. Second, plaintiff explicitly states in his reply memorandum that he "has only made a claim for retaliation under Title VII and is not making any claims for accidental injuries associated with workplace accidents." (Pl.'s Reply 8.) Although the exclusivity doctrine of IWCA may serve as a valid

affirmative defense under another set of facts, plaintiff has simply not asserted a claim that would make it applicable to this case. Therefore, Affirmative Defense XVI is stricken without prejudice.

### D. Affirmative Defense XVII

Affirmative Defense XVII (reasonable care to prevent and correct; plaintiff unreasonably failed to take advantage of preventive or corrective opportunities) is essentially a recitation of the standard set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). In *Faragher*, the Court held that "[w]hen no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages." *Id.* "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* This is the exact language used by defendant in Affirmative Defense XVII. However, the Court in *Faragher* explicitly stated that the defense is available only if no tangible employment action is taken. "No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Id.* at 808. Because it is undisputed that Thomas was discharged from his position, *Faragher* makes clear that this affirmative defense is inapplicable. Consequently, Affirmative Defense XVII is stricken with prejudice.

### E. Affirmative Defenses VI, VII, VIII and XIII

Affirmative Defenses VIII (claims concerning events occurring outside the limitations period barred as untimely) and XIII (statute of limitations) allege that plaintiff's claims are time-barred. Affirmative Defenses VI (failure to exhaust administrative remedies) and VII (failure to comply with enforcement provisions) allege that plaintiff did not complete required corrective actions prior to bringing suit.

When a defendant raises the statute of limitations as an affirmative defense, the appropriate method for determining the validity of this claim is through discovery. *Builders Bank v. First Bank & Trust Co. of Ill.*, No. 03 C 4959, 2004 WL 626827, at *5 (N.D. Ill. Mar. 25, 2004). Because plaintiff has simply failed to show that defendant cannot prevail based on the statute of limitations, the Court denies the motion to strike Affirmative Defense XIII (statute of limitations) and Affirmative Defense VIII (claims concerning events occurring outside the limitations period barred as untimely), which is a variation of the statute of limitations affirmative defense within the Title VII context.[1]

In Affirmative Defense VI, defendant alleges that plaintiff has failed to exhaust administrative remedies for one or more of his claims. A plaintiff's failure to exhaust administrative remedies is an affirmative defense in a Title VII case. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). This Court has refused to strike the defense, even without supporting facts, if plaintiff is sufficiently put on notice as to issues raised. *Chronister v. Superior Air/Ground Ambulance Serv., Inc.*, No. 05 C 3492, 2005 WL 3019408, at *3 (N.D. Ill.

---

[1] However, to the extent that this affirmative defense concerns events occurring outside the applicable limitations period, it is clear that plaintiff is relying on those events solely as evidence to support his retaliation claim, not as a basis for a discrimination claim.

Nov. 8, 2005). Plaintiff is fully aware of the steps that he took to pursue his claim against defendant during the EEOC proceedings, and defendant has provided plaintiff notice that the actions taken were insufficient to exhaust his administrative remedies. Therefore, the Court denies the motion to strike Affirmative Defense VI.

Because Affirmative Defense VII (failure to comply with enforcement provisions) is essentially a reiteration of Affirmative Defense VI, the Court strikes Affirmative Defense VII with prejudice as redundant under Fed. R. Civ. P. 12(f).

### F. Affirmative Defense II

In Affirmative Defense II, defendant alleges that plaintiff has failed to mitigate damages. Although courts have held that such cursory defenses are usually insufficient, they have also held that "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002) (quotation omitted); *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.,* 191 F.R.D. 568, 570 (N.D. Ill. 1999); *Sanchez v. La Rosa Del Monte Express*, No. 94 C 3602, 1994 WL 603901, at *2 (N.D. Ill. Nov. 1, 1994). Therefore, Affirmative Defense II is sufficiently pleaded and the Court denies the motion to strike it.

**Conclusion**

Plaintiff's motion to strike affirmative defenses [doc. no. 16] is granted with prejudice as to Affirmative Defenses III, IV, VII, X, XI, XII, XIV, XV, XVII and XVIII, and without prejudice as to Affirmative Defenses I, V, IX and XVI.  The motion is denied as to Affirmative Defenses II, VI, VIII and XIII.

**SO ORDERED**                                               **ENTERED**

**February 11, 2009**

_____
**HON. RONALD A. GUZMAN**
**United States Judge**